UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| KEOLATTANA TOOTOO SAPHILOM,<br><br>                                    *Plaintiff*,<br><br>v.<br><br>SOMKEN VICHITTAVONG, *et al.*,<br><br>                                    *Defendants*. | CASE NO. 3:23-cv-00027<br><br>MEMORANDUM OPINION<br>& ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion to Amend and for Reconsideration, Dkt. 16, and Defendants' Motion for a Pre-Filing Injunction, Dkt. 18.

1. **Plaintiff's Motion to Amend and Add a Defendant**

On August 11, 2023, the Court dismissed Plaintiff's Complaint, Dkt. 2, for lack of subject matter jurisdiction. Dkt. 14. The same day, Plaintiff filed a Response indicating that she had misidentified the citizenship of the parties on whose behalf she purports to bring the case as power of attorney, and arguing that the Court now had diversity jurisdiction. Dkt. 15 at 1.

On August 30, Plaintiff filed a combined "Motion to Amend and Add a Defendant to the Complaint and Motion to Reconsider Dismissal." Dkt. 16. Although the time had passed for Plaintiff to file as a matter of right under Federal Rule of Civil Procedure 15(a)(1) and she did not request leave of the Court as required by Rule 15(a)(2), the Court will accept the filing given her *pro se* status. The Court will treat the filing as both an Amended Complaint and a Motion for Reconsideration.

1

Plaintiff's Amended Complaint adds Renal Carepartners of Reston, LLC, Dr. Ahmed Noori, and Reston Hospital Center, LLC, as defendants. *Id*. at 2. Plaintiff's allegations in the Amended Complaint again focus on the death and estate of her uncle, Peter Kingkeo, and make reference to RICO and ERISA violations. *Id.* at 1, 12. While the 98-page filing is voluminous, it does not provide grounds for diversity jurisdiction or present allegations that would support litigation based on RICO or ERISA.

*Analysis*

Courts have an independent duty to ensure that jurisdiction is proper. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must dismiss" an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3). "Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Consequently, "there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). Instead, "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Id*. Generally, subject matter jurisdiction is present where the well pleaded allegations in the complaint raise a federal question under 28 U.S.C. § 1331 or the parties meet the diversity and amount in controversy requirements under 28 U.S.C. § 1332.

The Fourth Circuit has "reserved RICO liability for 'ongoing unlawful activities whose scope and persistence pose a special threat to social well-being.'" *Al-Abood ex rel. Al-Abood v. El-Shamari*, 217 F.3d 225, 238 (4th Cir. 2000) *quoting Menasco, Inc. v. Wasserman,* 886 F.2d

2

681, 684 (4th Cir.1989) (internal quotation marks omitted). In *Al-Abood*, the Fourth Circuit found no RICO liability where the contested actions "were essentially a dispute between formerly close family friends" in combination with mail and wire fraud. *Id.* Here, Plaintiff's allegations focus on intra-familial mistreatment and misrepresentation in probate proceedings. Dkt. 16 at 2-13. Taking all the allegations in the Amended Complaint as true, the alleged malfeasance, insofar as it is illegal rather than simply unpleasant, falls in the "heartland of fraud cases" which do not implicate RICO. *Al-Abood*, *id.*

As to ERISA, the Amended Complaint alleges that Defendants Vichittavong and Kinkeo "conspired and manipulated [decedent] along with their co-conspirators for years to … become beneficiaries in ERISA benefits." Dkt. 16 ¶ 6.  Plaintiff alleges that "[a]t some point beneficiaries were changed and removed from [decedent's] ERISA benefits" and refers to Exhibit 8. *Id.* ¶ 10. Exhibit 8 appears to be records from The Hartford Benefit Management Services indicating that Somken Vichittavong and Emma Kingkeo, the decedent's wife and daughter, were listed as benefits to his plan. *Id.* Ex. 8. Plaintiff does not provide any alleged facts or cite law that would give her, or the relatives for whom she purports to bring suit as power of attorney, standing to bring a claim based on the fact that the decedent's ERISA plan benefitted his wife and daughter. Indeed, civil actions based on ERISA may only be brought by a plan participant or beneficiary, a plan fiduciary, a state, an employer, and the Secretary of Labor: categories which Plaintiff and those she purportedly represents do not fall into. 29 U.S.C. § 1132(a).

On its face, the Amended Complaint lacks allegations that create federal subject matter jurisdiction. For that reason, the Court can only exercise jurisdiction in this case if it meets the diversity and amount in controversy requirements under 28 U.S.C. § 1332.

Here, Plaintiff fails to allege facts sufficient for subject matter jurisdiction. According to the Amended Complaint, Somken Vichittavong and Emma Kingkeo live in Herndon, Virginia.[1] Dkt. 15 at 1. Plaintiff Keolattana Tootoo Saphilom, who also resides in Virginia, purports to bring the case *pro se* on behalf of Anita Kingkeo and Senghchanh Kingkeo, residents of Maryland. *Id*; Dkt. 2 at 5. Plaintiff argues that her residence should not be considered for purposes of diversity because she is "just a representative of the Plaintiffs." Dkt. 15 at 1.

28 U.S.C. § 1654 grants parties the general authority to proceed *pro se*. However, as the Fourth Circuit has noted, that authority allows a party "proceed pro se in their *own case*." *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 245 (4th Cir. 2020)(emphases in original). "The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*." *Myers v. Loudoun Cty. Pub. Sch.*, 418 F.3d 395, 400 (4th Cir. 2005) (emphases in original) (citation omitted). Therefore, the Court will consider Keolattana Tootoo Saphilom, who filed suit, as the Plaintiff.

Saphilom's Virginia citizenship defeats the requirement for diversity jurisdiction. Section 1332, which governs diversity jurisdiction, "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Moreover, the Amended Complaint adds two business entities and an individual without stating their citizenships,[2] a deficiency which also prevents the Court from finding that it can exercise diversity jurisdiction.

For these reasons, the Court will dismiss Plaintiff's Amended Complaint, Dkt. 16.

---

[1] The Amended Complaint also names Jackie Bae-Kingkeo, Vilay Alina Sengmanothone, and Nhon Boun Saichareune as Defendants but does not specify their place of residence. Dkt. 16 at 1.
[2] The businesses appear to be LLCs operating in Reston, Virginia.

2. **Plaintiff's Motion for Reconsideration**

Federal Rule of Civil Procedure 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." However, "in general 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.' Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998), quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995).

The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.*, *citing Lockheed Martin Corp.,* 116 F.3d at 112; *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993).

Plaintiff's motion does not address any of these grounds for reconsideration.[3] Moreover, Plaintiff fails to allege grounds for diversity jurisdiction or any cognizable claims based on RICO or ERISA. As a result, the Court still lacks subject matter jurisdiction. Because the Court cannot proceed without subject matter jurisdiction and Plaintiff has not provided a reason to amend the prior judgment, the Court will deny Plaintiff's motion, Dkt. 16.

3. **Defendants' Motion for a Pre-Filing Injunction**

Federal courts have the authority to issue prefiling injunctions against vexatious litigants. *Cromer v. Kraft Foods N. Am., Inc.,* 390 F.3d 812, 817 (4th Cir.2004). Courts, however, "should not in any way limit a litigant's access to the courts absent exigent circumstances, such as a

---

[3] The Court also notes that Plaintiff's Motion seeks to join businesses and an individual whom she recently named in other lawsuits, which likewise failed for lack of subject matter jurisdiction.

litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Id.* at 817–18 (internal quotation marks and citation omitted). The prefiling injunction must be used "sparingly …consistent with constitutional guarantees of due process of law and access to the courts." *Id.* at 817.

When considering whether to issue a prefiling injunction, a court must consider and balance these factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits;
> (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass;
> (3) the extent of the burden on the courts and other parties resulting from the party's filings; and
> (4) the adequacy of alternative sanctions.
> *Thomas v. Fulton*, 260 F. App'x 594, 596 (4th Cir. 2008) (citations omitted).

Defendants Somken Vichittavong and Emma Kingkeo petition the Court to issue a prefiling injunction that would prevent Plaintiff Keolattana Tootoo Saphilom, Anita Kingkeo, and Sengchanh Kingkeo,[4] and anyone acting on their behalf, from bringing a *pro se* federal complaint against them. Assessing the petition in light of the four factors above, the Court finds that at this point in time a prefiling injunction is not warranted.

Considering the party's history of litigation, the Court notes that while Plaintiff has filed multiple federal suits, out of those federal actions only the instant case names Somken Vichittavong and Emma Kingkeo as defendants.. Defendants argue that the injunction is warranted due to Plaintiff having brought two unsuccessful actions related to the Estate of Peter

---

[4] Keolattana Tootoo Saphilom brought this suit purporting to act as Power of Attorney for Anita Kingkeo, and Sengchanh Kingkeo. She has filed suits in the Western District of Virginia against other defendants on their behalf as well, *see Saphilom v. Siemens Industry, Inc.*, 3:23-cv-00025; *Saphilom v. Office of the Chief Medical Examiner et al.*, 3:23-cv-00024; *Saphilom v. Renal Carepartners of Reston, LLC et al.*, 3:23-cv-00022; *Saphilom v. Hart et al.*, 3:23-cv-00026.

Kingkeo[5] in Fairfax County Circuit Court and filing a suit similar to this one in the Louisa County Circuit Court. Dkt. 19 at 3-4.

As to whether Plaintiff's good faith as opposed to intent to harass, the Court notes that she has filed complaints against a variety of defendants who had some involvement in the circumstances of her uncle's death, including a renal care facility, the Chief Medical Examiner of Virginia, and police who investigated the death. *See Saphilom v. Office of the Chief Medical Examiner et al.*, 3:23-cv-00024; *Saphilom v. Renal Carepartners of Reston, LLC et al.*, 3:23-cv-00022; *Saphilom v. Fairfax County Police et al.,* 3:23-cv-00023. While Plaintiff's suits have so far been unsuccessful, this variety of defendants suggests that concerns about the nature of Mr. Kingkeo's death and the disposition of his estate drive Plaintiff's litigation. Even if those concerns are unfounded, at this point the Court cannot conclude that the suits are intended simply to harass.

Plaintiff's suits have placed a burden on the Court and on the Defendants. However, at this time, the Court does not find that the burden of Plaintiff's six federal and three state actions rises to the level that would justify a prefiling injunction. *See, e.g., Emrit v. Cent. Intel. Agency*, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D.W. Va. Apr. 1, 2022), *report and recommendation adopted,* No. 3:22-CV-35, 2022 WL 1573175 (N.D.W. Va. May 18, 2022) (prefiling injunction issued where a party had initiated "more than three hundred civil actions in district courts nationwide"); *Miles v. Angelone*, 483 F. Supp. 2d 491, 496 (E.D. Va. 2007) (issuing a prefiling injunction where a party attempted seventeen times to overturn an unfavorable ruling).

---

[5] The death and estate of Peter Kingkeo, who was Plaintiff's uncle, Ms. Vichittavong's husband, and Ms. Emma Kingkeo's father, make up the focus of Plaintiff's litigation.

As to the adequacy of alternative sanctions, Defendants argue that a prefiling injunction is warranted because Plaintiff filed her Motion to Reconsider shortly after the Fairfax Circuit Court "ordered her to pay $34,500 of Vichittavong's attorneys' fees." Dkt. 19 at 5. This prior significant award, Defendants argue, casts doubt on Plaintiff's ability to pay any further monetary sanctions. *Id.* However, given that it has yet to apply any sanctions to Ms. Saphilom, Court finds that it would be premature to escalate immediately to a prefiling injunction.

Considering the balance of these four factors, the Court will deny Defendants Somken Vichittavong and Emma Kingkeo's Motion for a Pre-Filing Injunction. Dkt. 18. However, if Plaintiff continues to enter repetitive filings, the Court will reconsider whether a prefiling injunction is warranted.

Plaintiff's Amended Complaint is **DISMISSED without prejudice** and her Motion for Reconsideration is **DENIED**. Dkt. 16.

Defendants' Motion for a Prefiling Injunction is **DENIED**. Dkt. 18.

It is so **ORDERED**.

The Clerk of Court is directed to send this Memorandum and Order to all counsel of record.

Entered this 27th day of September, 2023.

_____
NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE